# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2021

Lyle W. Cayce
Clerk

No. 20-10332
Summary Calendar

Alexander Loya,

*Petitioner—Appellant*,

*versus*

NFN Underwood, *Warden*

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-216

Before Southwick, Oldham, and Wilson, *Circuit Judges*.
Per Curiam:*

Alexander Loya, federal prisoner # 17693-035, appeals the dismissal of his 28 U.S.C. § 2241 application. Loya filed the § 2241 application to challenge his military court convictions and sentences for abusive sexual contact with a child, indecent liberties with a child, and aggravated sexual

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

contact with a child who had not obtained the age of 12 years. In his application, Loya alleged that his wife bribed and coerced the victim to testify falsely against him. He attached to his application affidavits and other evidence that he contended supported his claim. The district court dismissed Loya's application on the grounds that the military courts had fully and fairly considered his claims and that any freestanding claim of actual innocence was not cognizable as an independent ground for habeas relief.

On appeal, Loya challenges the district court's finding that the military courts had fully and fairly considered his claims and asserts that the only issue before the court is whether his convictions should be allowed to stand in light of his allegation of bribery and coercion of the victim to testify falsely against him. Loya contends that his convictions violated his Fifth and Fourteenth Amendment due process rights, his Fifth Amendment right to an indictment by a grand jury, and his Sixth Amendment rights to an impartial jury and to confront adverse witnesses. We review the district court's factual findings for clear error and its conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

Federal courts have jurisdiction pursuant to § 2241 over petitions for habeas corpus filed by individuals challenging military convictions. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953). However, "in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases." *Id.* Review of a military conviction is appropriate only where, *inter alia*, "the claim of error is one of constitutional significance, or so fundamental as to have resulted in a miscarriage of justice." *Calley v. Callaway*, 519 F.2d 184, 199 (5th Cir. 1975). Loya has failed to satisfy our "first inquiry" in analyzing an applicant's § 2241 application insofar as he fails to demonstrate that his allegations raise a claim of "constitutional significance." *Id.*

No. 20-10332

As to Loya's claim that his due process rights were violated, Loya does not allege that the Government was involved in the alleged bribery scheme or even knew about it. Furthermore, he does not allege that the Government knowingly used or failed to correct the victim's purportedly false testimony or that the Government knew that the victim's testimony was unreliable and failed to disclose such a fact. *See Giglio v. United States*, 405 U.S. 150, 153–54 (1972); *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Accordingly, Loya has failed to allege a cognizable claim that his due process rights were violated.

As to his claim that his right to a grand jury indictment was violated, the Fifth Amendment right to a grand jury indictment, by its express terms, does not apply to members of the armed forces. *See United States v. Hennis*, 79 M.J. 370, 378–79 (C.A.A.F. 2020); *see also Solorio v. United States*, 483 U.S. 435, 439 (1987). As such, Loya has failed to allege a cognizable claim that his Fifth Amendment right to an indictment by grand jury was violated.

With respect to his argument that his Sixth Amendment rights were violated, "the right to a jury trial does not apply to courts-martial, and never has." *Betonie v. Sizemore*, 496 F.2d 1001, 1007 (5th Cir. 1974). Further, he fails to state a cognizable Sixth Amendment claim that he was denied the right to confront adverse witnesses because he does not allege that he was prohibited from being present in the courtroom during the testimony of any adverse witnesses, that he was prohibited from cross-examining any adverse witnesses, or that his cross-examination of any adverse witnesses was limited in any detrimental way. *See United States v. Hitt*, 473 F.3d 146, 156 (5th Cir. 2006); *United States v. De Los Santos*, 810 F.2d 1326, 1333–34 (5th Cir. 1987).

Finally, to the extent that Loya attempts to raise a stand-alone innocence claim, this court does not recognize freestanding claims of actual innocence on federal habeas review; an allegation of actual innocence does not by itself establish a constitutional violation. *See In re Swearingen*, 556 F.3d

344, 348 (5th Cir. 2009) (per curiam) (citing *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003)).  In any event, Loya has abandoned any freestanding innocence claim insofar as he does not challenge the district court's finding that such a claim was not cognizable on federal habeas review.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

The district court's judgment is AFFIRMED.  Loya's motion to supplement the record is DENIED as unnecessary.